## Commonwealth v. Zamias (No. 1)

*James M. Schall*, district attorney, for the Commonwealth.
*Martin Nadorlik*, for defendant.

EPPINGER, *P.J.*, March 2, 1984—This appeal from a summary conviction is now before the court and on defendant's request for pretrial discovery. Samuel C. Zamias was arrested for speeding after he was timed from a Pennsylvania State Police aircraft. He now asks the district attorney to produce, or make available for copying, copies of all citations issued by three state troopers from noon to 12:30 p.m. on April 23, 1983, for offenses occurring at or about mile post 161.0 on the Pennsylvania Turnpike. He also wants the total number of citations issued by the troopers during the hours of 9:45 a.m. to 12:30 p.m. on that date in the same area.

The district attorney filed an answer denying the relevance of the information and stating that the disclosure of the information is not required by Pa.R.Crim.P. 305. This was followed by a motion of defendant for a hearing which we deny.

The information which defendant requests is not discoverable under Rule 305 which applies only to court cases. Historically there is no pretrial discovery in criminal cases. 10A P.L.E. Criminal Law §447, p. 187; Comm. v. Wable, 382 Pa. 80, 86, 114 A.2d 334, 338 (1955); Lewis v. Lebanon Co. Court of Common Pleas, 436 Pa. 296, 300, 260 A.2d 184,

187 (1969). This was changed when the Supreme Court adopted Rule 305 but discovery under that rule is limited to court cases. A court case is defined in Pa.R.Crim.P. 3 as a case in which one or more of the offenses charged is a misdemeanor, felony or murder of the first or second degree. Before us, however, is a summary case, which is also defined in Rule 3 as being one in which the only offenses charged are summary offenses. The fact that the case is before the court on appeal does not change its nature from a summary case to a court case.

## ORDER OF COURT

March 2, 1984, the petition to compel discovery is denied.